Our second case is 24-1768, Louise Trauma Center LLC v. USCIS. Mr. Cleveland? Good morning, Runners. I'm David Cleveland, Counsel for Louise Trauma Center, 22nd Appellant. I'd like to reserve 5 minutes of my time for rebuttal. This case is about an agency that did nothing for 1,000 days. Then a complaint was filed. The agency continued to do nothing for about 100 days. And when it finally did release some records, some of them were 99% redacted. This is JA-116. It's 99% blank. Now, Mr. Pantor did write a letter dated January 10, 2024, in the record. And he says, he works for the agency, to request her, if you have concerns, send them to a government lawyer. Louise Trauma Center did that. The lawyer said, don't send them to me, send them to Mr. Pantor. That's what happened in this case. The story continues. The agency did not admit and still does not admit it did anything wrong. It will do this again in the future. An agency that gives a partial response only after 1,100 days is not in compliance with the FOIA. At this late stage, the requester is not required to go backwards to file an administrative appeal and then a second complaint. This court should so rule. Such a ruling will incentivize agencies to obey the 20-day rule and to give prompt attention to requests. That is what Congress wants. Now, the agency concedes there is a 20-day rule and that they violated it. 552A6A uses the word shall twice. Each agency shall determine within 20 days whether or not to comply and shall immediately notify the requester of its reasons. And the agency also concedes that A6C has some relevance to the case and that it does something. A6C says if the agency misses the 20-day rule, the requester shall be deemed to have exhausted administrative remedies. They admit that statute has some force. They sort of suggest it works for part of plaintiff's complaint but not the other. It seems to me they're suggesting that there should be an administrative appeal but at the same time the district court has something to do because A6C works. They're bifurcating the case. But that A6C does not allow such bifurcation. Can I ask you a question? It seemed to me that the district court, just when you said bifurcate, that the district court did think that there were sort of two different cases here. That your first complaint was just they didn't give us anything. So that once they gave you something, that case is over and now you have a new case about the adequacy of what they gave you. Why is that wrong? Because the plaintiff wanted many things. The district court itself admitted that the requester wanted many things. They wanted all of the records. They wanted a declaration of rights that the agency's actions and inactions violated the FOIA. And also they wanted an award of costs and attorney's fees. So the complaint is broad. It requested many things. The district court itself admitted that. That there were at least three things the requester wanted. So it's wrong of the court to say all we wanted was the records. They didn't give us the records. After 1,100 days they gave us things that are 99% redacted. We did not get what we've asked for. We still haven't gotten that. The complaint, paragraph 19, first sentence says defendant has failed to make a determination about plaintiff's request. That was true then. It's still true. They have still ‑‑ Well, that same paragraph goes on to say it failed to produce any records within the statutorily mandated timeframe. And that was true certainly at the time you filed your complaint. But then the documents were produced prior to the disposition of the motion to dismiss or prior to the filing of the motion to dismiss. That's true, Your Honor. Some of the documents were released. Some, but not all. And they wrongfully asserted redactions. And we don't know about if the search was adequate or not. The agency did some things, yes, but they did not do all that they're required to do. Well, isn't litigation over the scope of what's produced a different litigation altogether, the issue of the redactions and whether or not they were missing pages, isn't that a wholly different claim or something that you would have had to amend your complaint to add? I was struck by the fact that there was no effort here to amend the complaint to add those allegations once the documents were produced by the government. There's no duty in a FOIA request to predict the future. There's no reason for us, we don't know what the agency is going to do. Certainly, but once the documents, and you had this new complaint, you had new allegations that there were improper redactions and that the production was insufficiently complete. At that point, you had something new that you were complaining about. You were no longer saying there's not been any, what's your language here, any records produced. You were now saying the records that were produced were inadequate. Well, in theory, we could have amended the complaint. But the standard procedure in FOIA cases is if we're in court, if administrative remedies have been exhausted, now it is the burden of the agency to show they fully complied. It is their burden. Typically, they file a motion for summary judgment and say they've satisfied everything. The agency files a motion for summary judgment and they have the burden of proof. I think it's taken A4B, the burden is on the agency to sustain its action. Once in court, it's their burden. To amend the complaint has not been done in the last 10 years in any case I'm aware of. If you're in court, you're in court. Now the agency has the burden to show what they did was okay. It's their burden to file a motion. It's not the burden of plaintiff to file a complaint. To file an amended complaint has not been done in the last 10 years to my knowledge. Can I ask you what might be maybe a threshold question? The district court treated FOIA's exhaustion requirement as jurisdictional, as going to a district court subject matter jurisdiction. Is that correct in your view? Do you have a view on that? Frankly, I'm not really sure what that means. Well, just technically, it's about whether you should dismiss under 12B1 or 12B6. If the requester did not exhaust his administrative remedies, I would call that an affirmative defense. If they didn't do that, then the case should be dismissed. I'm not sure what section of 12B it goes under, but what's important is did they show we failed to exhaust our administrative remedies? They didn't. The court could dismiss the case if it's so found. The court did so find. However, that was wrong of the court. We did exhaust our administrative remedies. The court suggested that this case is moot. That's very much not true. The agency has a heavy burden to show that it is impossible for the court to offer any relief to the plaintiff. And as we said, the plaintiff wants all of the records. We want a good search. We want a declaration that the actions and inactions violate the FOIA. Giving partial documents after 1,100 days violates the FOIA. We hope the court will make a declaration to that effect. Can I ask you about the district court's order cited one of our cases, Regal Management Corporation versus Legal Services Corporation, for the proposition that once the production of documents occurs and the language it used was in line with a FOIA request, the FOIA action becomes moot insofar as it is predicated only upon a lack of production. That seems to be directly on point here. So what about that case is distinguishable, if at all? It's distinguishable on two grounds, Your Honor. In the regional case, the requester conceded they got everything they wanted. They admitted. They said, thank you for the records. We're not challenging your search. We're not challenging the reduction. They got all the records, and they were happy. And furthermore, maybe in that case, that's all they did want was the records. I don't remember what the complaint says. But in our case, we want more than that. As we said, we do want all the records. We want a declaration that 1,100 days is too slow. That violates the FOIA. We want the court to make that declaration. And we want an award of costs and attorney's fees. The district court and the agency will do this again in the future. Somebody makes a request. Nothing happens for years. Then they file a complaint. Then they hand over one sentence. Then they say, go back to administrative appeal, file a second complaint. Then after that, they issue another piece of paper. They say, oh, we gave you some documents. Go back and do it again. They can avoid judicial review indefinitely. That's what the court in Eastern District of Tennessee said. In our Empower Oversight opinion from last November, there is a discussion of a policy or practice potential cause of action. It sounds to me that that's what you're arguing, that there's a policy or practice and that you're seeking injunctive relief, declaratory relief against that policy or practice. But I don't see that in your complaint. We don't have evidence of a policy and practice of the agency in this case. We're not saying that. We are saying that responding after 1,100 days violates the FOIA. That's simply what we want. If they did nothing within 20 days, which they admit they did nothing within 20 days, then there has been constructive exhaustion. I'm sorry. I thought just a moment ago you said that they will do this over and over and over again because that is their . . . by implication, you're arguing that is their policy and practice. How is that responsive to the question you just asked? I fear they will do this over and over again. The district judge, I think, will do the same thing next if he's presented with the same case. The agency will do this in the future, I fear. That's an argument against mootness. We're not saying policy. We don't have the evidence of policy and practice. It is true that the agency is generally slow, does not respond. However, this case is rather egregious to make the plaintiff wait 1,100 days before giving him anything. The district court below further erred by suggesting that there were determination letters somewhere. The district court believes that the agency did make a determination. The district court doesn't tell us where those letters are. Counsel, can I ask you about that? I also thought that was . . . I had trouble understanding where the district court was on that because my understanding was that the government wasn't arguing before the district court that it had made a timely determination. You were there. Did the government argue in district court that there had not been . . . determination, that it was not out of time here? I'll ask your colleague that too. They never have claimed. They still don't claim that they made a determination. Any determination that they made is certainly not timely. The subject of timeliness did not come up because I think everyone knew, my goodness, after 1,000 days, they've missed their time deadline. In regard to determination, the district court was a little imprecise, to put it politely. Where exactly is the determination letter? We don't know. We're not told. There isn't one, is the short answer. There is a Mr. Panter's letter, begins with JA58. That's the January 10th, 2024 letter. Mr. Panter does give some information. He says, here's 625 pages in part. He said, if you have concerns, talk to the government lawyer. That letter that begins on JA58 is not a determination in compliance with A6A. It does not mention the right to seek assistance from the public liaison. It does not mention that you can appeal within 90 days. It does not mention you can seek dispute resolution services from the public liaison. It does not mention you can seek dispute resolution services from the Office of Government Information Services. It does not do those things. Mr. Panter says, talk to the government lawyer. We did. We sent our concerns to the government lawyer. The government lawyer pushed it back and said, go away. It seems to me like you're asking us to make a 1,000-day rule, that if it's over 1,000 days, then there's somehow a violation, and if it's before, when would be the cutoff? Also, I think that you could have filed your complaint earlier also. It could have been 100 days or 500 days. It seems fairly arbitrary that now you're asking us to create this rule that after 1,000 days, then there's a violation. There's a violation after day 21. Exactly. In this case, we have 1,100 days. That's how egregious this is. I don't understand why this is a difficult case for the district court judge. They admit they missed the 20-day deadline, and they missed it by a long shot. So the 1,000 days is not that important. On day 21, we could have filed the complaint. Well, we didn't. But the statute is clear. You must make a determination within 20 days. If you don't, you have exhausted administrative remedies. There it is. Those facts are undisputed, and I think the law is undisputed also. I think they'll concede that. So now we don't have to do an administrative appeal. Now we're in front of the district court, and now it's the time for the agency to prove it has the burden. They have the burden to show they did everything right, and we're waiting for them to do that. They haven't done it yet. An agency that gives a partial response after 21 days violates the FOIA, let alone 1,100 days. An agency that says, send your concerns to our lawyer, but the lawyer says, no, send them to the agency, is an agency that's confused. They still don't admit they did anything wrong. This court should reverse the decision of the district court below and reverse the case. Thank you, Mr. Cleveland. Ms. Arnold. Good morning. May it please the court, Arianna Arnold on behalf of Appellee USCIS. As the court has already noted, this case is about the question of whether the district court could properly dismiss this case as moot based on the complaint before it. The complaint that was filed . . . Counsel, sorry, just so I understand where we are. You are not arguing that there was a timely determination in this case? What we are arguing, Your Honor, is that the statute in question, which was revised in 2016, consistent with the opinion of Judge Bennett, required that the agency acknowledge the request and indicate that it intended to respond and that only if an adverse determination is made, does the person then have to be informed of their appeal rights, which is exactly what was done here. Sorry, I just . . . There was an adequate determination that was provided to the plaintiff and that, therefore, perhaps when this suit was initially filed, there had not been exhaustion. There had not been constructive exhaustion because the determination was made timely. Is that your position? In reading your brief, sometimes you said it wasn't, but then there were a couple of times where you indicated it might be, and I'm just trying . . . Maybe if I put the question this way. When this suit was originally filed, was that proper because there had been constructive exhaustion because there was not a timely determination letter? Yes. We agree that as to the assertions in the actual complaint as filed, when it was filed, the claims in that complaint were constructively exhausted. But those claims, as the court has already noted, were limited in nature. In fairness, the court didn't note that, and I actually take a different view of the complaint than you do, and I'm sort of struggling to figure out why anyone would file a FOIA complaint if what they wanted was just, we'll take anything, give us whatever you feel like giving us, that will be sufficient. I didn't read the complaint that way. I thought the complaint was saying, we would like to get all of the documents we have requested, and we see no valid right to withhold any of them. And I don't understand . . . I don't think that's what the complaint actually said. What it says is that the defendant failed to make a determination and produce records within the statutory timeframe. The prayer for relief says, please order the defendant to promptly disclose all of the requested records. And now the plaintiff is saying, you didn't do that. That was my complaint. I want the requested records, not some other stuff, and you didn't give them to me. I think the question then, Your Honor, is what was constructively exhausted? And I think the reading you're suggesting would be extremely broad and almost impossible. Take, for example, a situation which often happens where the plaintiff is challenging not the redactions or the exemptions, but the sufficiency of the search. If we read the complaint as broadly as Your Honor suggests, that a demand simply for production, when production has not occurred, is sufficient, for example, to challenge the sufficiency of the search, by merely using the word all records, does that mean if, for example, which often is the case in, for example, DHS or DOJ, that there are multiple components that need to receive the request and conduct the search, that if they read the plaintiff's request and send that to only two components and conduct a search of only those two components, that the complaint covers all of that. And that's just not what . . .  Sorry. That does not . . . I understand you're trying to do a parade of horribles, but I'm not freaked out yet. That doesn't seem like whatever. The district court has jurisdiction of the case, and they'll figure out whether this was an adequate search and an adequate production. Why would you sort of divest the district court of jurisdiction in the middle of the case? I don't think that we argued for that or that the court suggested that. I think what the court found was that based on the limited nature of the complaint before it, it was divested of jurisdiction to order production or declare a violation of FOIA. What if instead of what the agency produced, it had just given one blank piece of paper? I mean, your argument would be the same, right? You wanted something. You got something. Go file a new case. I don't think our argument would be the same. What would be the difference? Because, in fact, there are cases that are cited by both parties where the agency actually came and said either we found no responsive records or all records are subject to an exemption. And under those situations, depending on the language of the complaint, which I think, again, is the issue here, the courts either found, A, we will allow you to amend and describe the ways in which you believe it's insufficient. For example, if the agency said we're declining to produce all of it under 7A because we think it's law enforcement, then the plaintiff can amend their complaint and describe why they think 7A doesn't apply. Can I follow up on Judge Harris' question? You just said something. Depending on the language of the complaint, the plaintiff in this case argues that they shouldn't be required to predict that the agency is not going to comply with the request fully. Do you agree with that? I mean, they should presume good faith on the part of the agency, right? I think that's accurate, Your Honor, but I also think that it would not be improper to plead those, and it would not be improper. What would they plead? We want these documents and we expect that you're not going to comply, so in case you don't, we want something else. We want to supplement the request. I think, Your Honor, if you look at the court's decision and the lower court decision that it relies on in regional management, the plaintiff did make that argument. They argued both that the production hadn't been made and that the agency had a policy of both delay and refusing to produce certain documents when the matter was under investigation. There were two counts in that RMC complaint, so counter to the argument that appellant made, that case is not . . . The court found that the production issue in RMC was moot. But I think they conceded in that case that they got what they asked for and then they were trying to say the case goes forward because notwithstanding the adequacy of the production we finally got, there's this policy we want to challenge, and we said, you can't do that. If you got an adequate production, your case is over. I feel like the plaintiff here did do everything you could to anticipate because they said we have a legal right under FOIA to obtain all of the records requested. There's no legal basis for this defendant's failure to make these records available. So they almost did anticipate that you were going to come back with something less than all of what they requested. There are cases from other circuits saying, just as a matter of common sense, why would you have to start a new case in the middle of this one? I think what those cases say, Your Honor, is more discreet than that. I think what those cases say, and as we've described and differentiated them in our brief, is that depending on the circumstances, the court may but is not required to retain jurisdiction to address those issues. Do you think that this district court . . . I did not read this district court opinion as a district court saying, I have the discretion to retain jurisdiction but I choose not to. I thought this district court thought, this case is moot and you haven't exhausted and so I don't have discretion here. First, I think the court was relying both on regional management and there's like six other cases from the District of Maryland, including the one by Judge Chasnow, that specifically say that under these same circumstances where a complaint is limited to production only, the court lacks subject matter jurisdiction to proceed. Right. So this district court did not think it was exercising discretion not to continue. It thought it had to dismiss the case. Yes. So if we agreed with you that this is a matter of district court discretion, then we would normally vacate and send it back to the district court to exercise its discretion as to whether or not it wants to retain jurisdiction. Yes, Your Honor. But just to be clear, the government's position is not that the court had discretion in this case. My position is that in those other district circuits that you mentioned, the holding was not that a court must consider the 50 different objections that plaintiff raised over the course of at least two to three weeks in email messages, not a single appeal letter, not even a single letter to counsel, that the agency is required or that the court should consider all of that and then decide based on the motion before it, which did not include a motion to amend or a motion to stay, which was definitely something that a couple of those other circuits did. But instead, based on the actions and the arguments made by counsel in LTC's opposition, which the judge also noted, many of those were not included in the complaint. The court was, in fact, limited to deciding based on the complaint before it and the allegations in the complaint and the failure of LTC to either request an amendment or a stay, even though LTC cited to a case where the court ultimately did allow the pro se plaintiff to amend. If appellant had wanted that relief, they could have asked for it. So to the extent that the court had the ability and did address the issues before it, not just in the complaint, but also in the opposition actually filed by the counsel for LTC, I think the court was restricted in concluding that it should dismiss this case. Your argument is creating an incentive, I think, for the government both to, as it did in this case, it seems, wait until a complaint is filed in order to respond to the complaint and then respond minimally in order to, once again, thwart the efforts of the plaintiff to pursue any remedy about what has been produced. So why is that? It does seem that it's creating an incentive for the government to engage in essentially obfuscation of the materials that are being requested. Well, first I would say that USCIS and FBI are the two agencies that receive the largest number of FOIA requests in the country. USCIS has no intention, nor is there any record of it, intentionally delaying any of these requests. It has multiple tracks, and as the acknowledgment letter sent to each four requests submitted to it clearly state, this is a complex request. It's going to take more than ten days. We're putting it in complex track two, and therefore we're going to require additional time. Does it get put in a different track once a complaint is filed?  It was in the acknowledgment letters that were sent within five days of each of the four requests. And a very detailed explanation of why, an indication that a search would be conducted, contact information for concerns if the plaintiff has it. Sorry, I didn't understand your answer to that question. Once a complaint is filed, does that affect at all the speed with which this continues to go through the process? It doesn't get put on a faster track once there's a complaint? I will say that I can't speak for USCIS, and I certainly don't want to speak for every other DOJ attorney in the country, right? But what happens in terms of how these are conducted is similar to what was put in the two letters responses to each of the requests, which is that the search is, for the most part, electronic. It's conducted immediately. The records are then sent to a processing center where someone has to actually review them, and in this case, that was over 3,000 pages of records, and determine if they're, A, responsive in truth by looking back at their requests in the language, and, B, whether any exemptions apply. And that process is a first-in, first-out process at USCIS, and they tell the plaintiff up front, your request is broad. If you decide that you're interested in narrowing your search, please contact us. Again, that's a process that LTC is very familiar with and did not invoke here. But more importantly, to the judge's question about what happens, the reality is that there is no cause of action to declare a violation of FOIA based merely on exceeding the 20-day deadline. There's a clear case on that. The delay itself is not actionable. The action is, as you noted, whether the agency did or did not produce the records requested. And so to the extent that Mr. Cleveland's complaint states that it's demanding production and that it wants all documents, the production produced everything that the agency was required to produce. And even in their appellate brief, they acknowledge that all documents does not include, for example, documents legitimately withheld. And then the question becomes, as we noted, what does that mean in this situation? And we would argue that it does not mean that the district court, based on the limited record before it, had the jurisdiction to completely undertake a review without a single allegation by the plaintiff other than a series of e-mail messages what they were challenging in that production. And just to be clear... Counsel, can I ask you a question? I feel like back in a prior life I was involved in a lot of FOIA cases where a district court would maintain jurisdiction and kind of say, like, you guys work it out. Like, I'm maintaining jurisdiction over whether this is an adequate production, but come back to me if you really can't work this out. And so the e-mails back and forth and the letters, that all struck me as kind of within the norm. But you think this is all very sort of radically different? Usually this proceeds on a much more formal track? No, actually, I agree with Your Honor. I think that's exactly how it would normally proceed. And in fact, that's what I personally... But that means the district court had jurisdiction. You can't think that's how it would normally proceed because your argument is the district court didn't have jurisdiction to say, I'll keep an eye on this, but you guys see if you can work it out. Excuse me. I think that once the motion was filed, given that that process had broken down and the plaintiff had clearly indicated in writing that they refused to participate in that process, and as a result of that, we issued a notice of appeal letter, then, yes, that ended. And the court was circumscribed by the appellant's choice not to continue down that road and to instead state that they had already done enough to bring these claims before the court. And we absolutely have, in many cases, in cases currently pending in the District of Maryland, agreed to... We've either answered and then come up with a production schedule if the documents haven't been produced yet, or, as Your Honor suggested, entered a stay and then tried to work something out. That was absolutely not something that LTC either requested or was interested in in this case. They specifically refused that offer. I'll just ask you a very quick question. The district court seems to have held sort of two things. This case is moot, and also you didn't exhaust. You haven't exhausted the adequacy question. Is it your understanding that a failure to exhaust under FOIA is a jurisdictional defect? I think thus far in the Fourth Circuit that has been the law. My understanding, based on my reading of regional and some of the other cases, is that that is what the Fourth Circuit has held up to now and that, therefore, Judge Bennett's decision was proper. There are, as Your Honor noted, cases from the Seventh and the Third Circuit where they say that the court may, and so they say that it's not jurisdictional and that it can be decided on a 12B1 and that the court can retain jurisdiction. But I think based on the case... I'm sorry. I'm just trying to figure out. There's a ton of circuits out there who have said that a failure... that have said a failure to exhaust under FOIA is not a jurisdictional defect. If the plaintiff failed to exhaust, it can be dismissed for failure to exhaust, but not for lack of jurisdiction. And I was just wondering whether the agency had a position on that issue. I don't think that we have a position on it in a universal sense. Again, I think our argument in this case is limited to the facts of this case. I'm sorry. I'm not asking about this case. Imagine an entirely different case. The plaintiff fails to exhaust. The district court says, you can't win on your FOIA claim because you didn't exhaust. Should that district court dismiss under 12B1 for lack of subject matter jurisdiction? The district court here said that would be a lack of subject matter jurisdiction. Or, as several circuits have held, should that district court dismiss under 12B6, just failure to state a claim, but of course I still have subject matter jurisdiction. I was just wondering. This seems to be something we haven't really passed on concretely. The district court thought that that was a jurisdictional defect, and I was just wondering if the agency had a position on that. Again, please excuse me if I'm misunderstanding, but are you talking about a situation where the plaintiff is alleging constructive exhaustion or where you're saying the court says there was never exhaustion of any kind? Let's just assume the court said there was never exhaustion of any kind. I think if there was never any exhaustion of any kind and the plaintiff does not effectively argue constructive exhaustion, that it is subject matter jurisdiction because 552A gives the court the power under FOIA to review decisions where the agency has failed to comply. So I think if there has been no exhaustion or constructive exhaustion, then the agency hasn't done anything wrong yet because the statute requires as a prerequisite that either you file an administrative appeal or establish constructive exhaustion. Thank you very much, Ms. Harwell. The complaint, paragraph 19, says, the agency failed to make a determination about plaintiff's request. I think the court asked the agency, you claim that you did or you didn't. I don't think she answered that question. The answer is easy. They did not. They have not made a determination. And I stood here and I said, you still haven't made it, and she is silent on that. And I said, there's nowhere in the record where there is a determination or a determination letter, and she is silent on that, too, because there isn't one. The Fourth Circuit, numerous times, Empower, Coleman, Pollack, and Manny Mannan have had the same situation. Complaint is filed. The agency gives some records. Do we kick the case out? No, they keep the jurisdiction. If you missed the 20-day deadline, you missed it. That is constructive exhaustion. ASIC-C has some force and effect. The agency doesn't even mention ASIC-C, and neither did the district court below. It has some effect. And the answer is, they missed the 20-day deadline. There has been exhaustion of remedies. Therefore, the court keeps jurisdiction. And that's what happened in the four cases of the Fourth Circuit. In the Ninth Circuit, in the Corbett case, they cite the Coleman case from this circuit four times. Plaintiff makes a request. The agency does nothing. Then a complaint is filed. Then they give documents. Has there been constructive exhaustion? Yes. It is clear. The agency does not respond to that directly. I think the case law is clear, is that the agency missed the 20-day deadline. Therefore, there has been constructive exhaustion. Therefore, the district court has jurisdiction to determine everything. Thank you very much, Mr. Cleaver. I want to thank both counsel for their arguments. We'll come down and breach you and adjourn for the day. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Albert Diaz, Pamela A. Harris, Nicole G. Berner